UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHERRIE B., <br><br> Plaintiff, <br><br> v. <br><br> ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 3:24-cv-05574-TLF <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI" and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 4. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 8, Complaint.

Plaintiff filed applications for SSI and DIB in July 2012 alleging a disability onset date of November 1, 2004. AR 15. Her SSI application was approved on reconsideration, with a disability onset date of July 1, 2012. AR 110. Therefore, the remaining issue is whether plaintiff was disabled between November 1, 2004 and June 30, 2012 and whether her disability onset date was earlier than the date last insured of December 31, 2008. AR 683.

1 　　　Plaintiff's application was denied initially and upon reconsideration. On April 22, 2014 a hearing was held before ALJ David Johnson. AR 34-72. On June 6, 2014, ALJ Johnson issued a decision finding plaintiff not disabled. AR 12-33. The Appeals Council declined the request for review and plaintiff filed an appeal. AR 1-6. On September 7, 2016 U.S. Magistrate Judge James P. Donahue reversed and remanded for further proceedings. AR 780-800.

　　　On July 6, 2017 ALJ Johnson conducted another hearing. AR 705-46. On January 4, 2018, the ALJ issued a decision finding plaintiff not disabled. AR 679-704. Plaintiff appealed. AR 1039. On August 19, 2019, this Court affirmed ALJ Johnson's decision. AR 1046-60. Plaintiff filed an appeal and on December 21, 2020 the Ninth Circuit Court of Appeals reversed and remanded for a new hearing. 1068-72.

　　　On October 13, 2021, ALJ Allen Erickson conducted another hearing after the remand from the Ninth Circuit. AR 975-1011. On January 26, 2022, ALJ Erickson issued an unfavorable decision finding plaintiff not disabled. AR 948-74. Plaintiff filed another civil action and on January 31, 2023, U.S. Magistrate Judge Brian A. Tsuchida issued an order reversing and remanding based on the stipulation of the parties. AR 1618-20.

　　　On February 21, 2024, ALJ Mark Triplett conducted a fourth hearing. AR 1561-90. On March 19, 2024, ALJ Triplett issued a decision finding plaintiff not disabled. AR 1522-60. Plaintiff filed this appeal.

　　　ALJ Triplett determined that through the date last insured plaintiff had the following severe impairments: lymphedema, asthma, obesity, and depressive disorder. AR 1529. The ALJ found that through the date last insured, plaintiff could perform light work as defined in 20 CFR 404.1567(b) with the following additional restrictions:

> The individual can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The individual can tolerate occasional exposure to extreme environmental heat and cold, and to workplace vibration. The individual can tolerate occasional exposure to workplace humidity, and to atmospheric conditions as defined in Selected Characteristics of Occupations. The individual can perform simple, routine tasks, and can tolerate occasional contact with the general public. The individual requires regular work breaks at 2-hour intervals.

AR 1532. The ALJ found that, up to the date last insured (December 31, 2008), plaintiff was not disabled and she could perform the requirements of representative occupations such as: Marker (DOT 209.587-034) light, SVP 2, unskilled (131,000 jobs nationally); Assembler small products II (DOT 739.687-030) light, SVP 2, unskilled (17,000 jobs nationally); and Collator operator (DOT 208.685-010) light, SVP 2, unskilled (33,000 jobs nationally).

STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

DISCUSSION

**1. Medical evidence.**

Plaintiff challenges the ALJ's assessment of opinions of Dr. Kari Lima, M.D., Dr. Harvey L. Alpern, M.D., Dr. Nossy Maya, M.D., Dr. Kimberly Wheeler, Ph.D., Dr. Keri Tarantino, Dr. Kent Layton, Psy.D., and Dr. John Robinson, Ph.D. Dkt. 16 at 3-11.

Plaintiff filed their application(s) before March 27, 2017, therefore under the applicable regulations, an ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinions of an examining doctor, and "specific and legitimate" reasons to reject the contradicted opinions of an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

An examining physician's opinion is "entitled to greater weight than the opinion of a non-examining physician." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester,* 81 F.3d at 831 (citations omitted). But "it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (*citing Magallanes, supra*, 881 F.2d at 752). "In order to discount the opinion of an

examining physician in favor of the opinion of a non-examining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (citing *Lester,* 81 F.3d at 831).

- Dr. Kari Lima, M.D.

On June 12, 2017 Dr. Lima provided a medical source statement. AR 944-47. Dr. Lima diagnosed plaintiff with major depression with question of psychotic features, paranoid personality disorder. AR 944. Dr. Lima opined that plaintiff could walk less than one block without rest or severe pain; she could stand for 30 minutes at a time; she could sit for six hours and stand for less then two hours; she would need a job that permitted shifting positions at will from sitting, standing or walking; she would need to include periods of walking around during an 8-hour work day; she must walk for ten minutes every 90 minutes; she would need to take unscheduled breaks every 30 minutes to two to three hours for sometimes minutes, sometimes hours, based on her psychotic symptoms and depression. AR 945.

Dr. Lima opined that plaintiff's legs should be elevated two feet with prolonged sitting due to edema and veinous inefficiency; she was incapable of even "low stress" work due to an inability to function effectively in a 20-40-minute office visit, inability to follow up or pick up medication from the pharmacy most of the time. AR 945-46. Dr, Lima explained that plaintiff would be further limited by paranoid thoughts to the point of inability to follow through with treatments. AR 946.

The ALJ assigned little weight to Dr. Lima's opinion. AR 1545-46. ALJ Triplett found Dr. Lima's opinion that plaintiff was unable to stay engaged with medical care to

be inconsistent with evidence showing plaintiff sought medical care for a wide variety of health complaints, particularly from 2006 to 2008. AR 1546 (citing AR 321-493). The ALJ observed that there was no detailed opinion of plaintiff's ability to perform mental activities. *Id*. The ALJ found plaintiff had mainly normal mental status findings for much of the period at issue. *Id*. (citing 327, 344, 352, 360, 362). The ALJ wrote that Dr. Lima may have been unaware of plaintiff's activities that seemed inconsistent with disabling conditions such as looking for work, cleaning, and some yard work, and tasks related to home building including hiring septic workers, handling issues on the phone, and completing paperwork. *Id*.

The ALJ also wrote that there is no evidence Dr. Lima specializes in psychiatry or psychology. *Id*. He stated that Dr. Lima opined significant physical limitations without supporting her opinion with a diagnosis of any physical conditions, and that Dr. Lima did not provide objective evidence to support the severity of the opined limitations, which the ALJ found were unsupported by the record. *Id*. The ALJ determined that the medical source statement suggested an incomplete understanding of plaintiff's physical functioning. *Id*.

As to the ALJ's first reason, inconsistency with the medical evidence is a valid reason to reject a medical opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008). Here the ALJ cited records from 2004 to 2008, showing plaintiff had medical visits every few months for a variety of health concerns. *See* AR 321-493. But the ALJ did not explain the inconsistency with Dr. Lima's opinion that plaintiff has an inability to follow up or pick up meds from the pharmacy – or that her paranoid thoughts prohibit her from following up on the treatments most likely to make her better. *See* AR 947.

1  Furthermore, Dr. Lima stated that plaintiff had a "chronic theme of inability to stay
2  engaged with medical care, referrals, testing, or treatments over the past 10 year of
3  chart notes (2006-2017)." AR 944. The ALJ referred to visits over a subset of the ten-
4  year period referenced by Dr. Lima, and the ALJ's discussion was not specific as to
5  whether the content of the visits showed consistent follow up with "medical care,
6  referrals, testing, or treatments". This reasoning is not a clear and convincing, or
7  specific and legitimate, basis for discounting Dr. Lima's opinion.

8      Dr. Lima wrote that plaintiff's mental conditions symptoms included an inability to
9  follow through on testing and take medications, and limit interaction with the medical
10 system and adherence to treatment. AR 944. When asked to identify clinical findings
11 and objective signs she wrote, "poor to fair insight, poor to fair judgment, flat affect at
12 most visits, inability to follow through on even the most simple care plans even when
13 they are patient-generated." *Id*.

14     Dr. Lima indicated significant limitations in basic work activities related to
15 plaintiff's mental health conditions such as a need to take unscheduled breaks due to
16 the psychiatric symptoms related to her depression (AR 945), an inability to tolerate
17 even low stress work, a likelihood that she would spend 25 percent or more of the time
18 off task, and absences more than four days per month (AR 947). Without an explanation
19 from the ALJ as to why this opinion was not sufficiently detailed, this was not a clear
20 and convincing or specific and legitimate reason for discounting her opinion.

21     Inconsistency with a claimant's activities may serve as a proper basis for
22 rejecting a medical source's opinion *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.
23 2001). Yet disability claimants should not be penalized for attempting to lead normal
24
25

lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (claimant need not "vegetate in a dark room" to be deemed eligible for benefits).

Here the ALJ cited activities such as looking for work, cleaning, and some yard work, and tasks related to home building including hiring septic people, working the phone, and completing paperwork. AR 1546. The ALJ cited only to the hearing testimony when referencing these activities. As for applying to jobs, plaintiff testified that she applied for jobs but did not get any interest. AR 1576. As for the home construction, she testified that she would discuss with her husband what they needed and then he would go in and discuss with the permit people. AR 1572.

At the prior hearing she testified that from 2004 to 2011 she took care of cleaning the trailer and inside the home. AR 48. She could use the riding lawnmower at times, would take her dogs out, and pull a few weeds. *Id*. She testified that she did a lot of paperwork because her husband lost his job and his father became ill, and they could not make house payments due to lack of income. AR 49. She testified that she takes care of things inside the home. *Id*. She testified that she was a verbal, not physical, participant in building the home. AR 51. She hired the septic workers, did the paperwork for a construction loan, and worked with the building contractors only orally. AR 52.

The ALJ's decision that the activities related to home building were inconsistent with Dr. Lima's opinion is supported by a clear and convincing reason and substantial evidence. Dr. Lima opined that plaintiff was incapable of tolerating even low stress work and had difficulty following through due to paranoid thoughts. Yet plaintiff testified she was able to participate in activities involved with the home building process including

1  soliciting quotes and hiring septic contractors, overseeing building contractors,
2  completing extensive paperwork including loan applications, and working on financing
3  with a bank for over a year. AR 48-52. The ALJ reasonably concluded that these
4  activities were inconsistent with the significant limitations opined by Dr. Lima.

5      The ALJ also noted that Dr. Lima did not support her opinion with a diagnosis of
6  any physical conditions and did not provide objective evidence to support the opined
7  physical limitations. AR 1546. An ALJ may reject a physician's opinion on the ground
8  that it is not supported by objective medical findings. *Magallanes v. Bowen*, 881 F.2d
9  747, 754 (9th Cir. 1989).

10     Here Dr. Lima opined significant physical limitations in walking, sitting, and
11 standing, which she opined may have been connected to plaintiff's mental health
12 conditions. AR 945. Although the objective evidence supports physical limitations, it
13 does not support the conclusion that these were intertwined with mental health
14 conditions. *See, e.g.*, AR 352 (11/4/2007, chest pain appears musculoskeletal in
15 nature), AR 347 (1/17/2007, back pain appears to be musculoskeletal in nature), AR
16 385 (7/18/2007, abdominal pain appears musculoskeletal in nature). Plaintiff was
17 treated for lower extremity swelling at a lymphedema clinic to address significant pain in
18 her legs. AR 430, 436, 439, 450. The ALJ thus did not err in discounting Dr. Lima's
19 opinion based on the lack of diagnosis for physical conditions, and the lack of evidence
20 regarding the opined physical limitations being intertwined with mental health
21 conditions.

22     Because the ALJ offered clear and convincing reasons for discounting plaintiff's
23 testimony due to activities related to home building, and lack of support in the record for

physical symptoms, any error in the other reasons offered by the ALJ would be harmless. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (error is harmless if "the ALJ's decision remains legally valid, despite such error.").

- Dr. Harvey L. Alpern, M.D. and Dr. Nossy Maya, M.D.

Dr. Alpern testified as a medical expert at the 2014 hearing. AR 40-45. He opined that plaintiff would be limited to lifting 20 pounds occasionally, 10 pounds frequently, stand and walk two out of eight hours, sit six hours, occasional posturals, and restricted from concentrated noxious fumes, dust, and irritants, ropes, ladders, heights, and dangerous equipment. AR 42. This opinion was based on physical findings alone. *Id*. He testified that in the morning, during breaks, and in the evening, plaintiff's feet would need to be elevated above the level of the heart, for 20 to 30 minutes. AR 42-43.

The ALJ gave significant weight to most of Dr. Alpern's opinion, but he found that the standing/walking limitations were unsupported by the relief with treatment, medical advice that she should exercise, and plaintiff's reports of walking and exercising during the period at issue. AR 1543. He also found the postural limitations to be unsupported by the medical record and poorly explained by the doctor. *Id*.

At the 2017 hearing, Dr. Maya testified as a medical expert. AR 725-35. Dr. Maya opined that in an eight-hour workday plaintiff could sit up to six hours, stand and/or walk up to four hours, occasionally climb stairs and never to ladders or scaffolds, occasionally stoop, and crouch, no limitations to crawling or kneeling, no manipulative limitations, she should avoid extreme exposure to heat and cold and irritants and should

1 avoid hazards and heights. AR 729. She would need to elevate her legs four times a
2 day for five to ten minutes at a time, about heart level. AR 730.

3     The ALJ gave significant weight to most of Dr. Maya's opinions, but discredited
4 the standing/walking limitations and the postural limitations for the same reason he
5 discredited Dr. Alpern's opinions. AR 1544.

6     Plaintiff challenges the ALJ's assessment of Dr. Alpern and Dr. Maya's opinions
7 on the standing/walking and postural limitations. Dkt. 16 at 9-10. Plaintiff does not
8 challenge the reasons given by the ALJ for discounting these doctors' opinions; plaintiff
9 argues that both doctors' opinions support Dr. Lima's opinion that plaintiff would need to
10 elevate her legs as much as possible. As the Court has concluded, the ALJ provided
11 proper reasons for discounting Dr. Lima's opinions about plaintiff's physical symptoms
12 and limitations; plaintiff's arguments regarding opinions of Dr. Alpern and Dr. Maya are
13 meritless, for the same reasons.

14     The ALJ reasonably rejected the standing/walking and postural limitations based
15 on inconsistency with the medical record. The ALJ cited evidence of normal gait, normal
16 range of motion, and normal strength in her extremities in 2006 and 2007. AR 1543
17 (citing AR 346, 360, 369). *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir.
18 2008). To the extent that plaintiff argues that Dr. Alpern's and Dr. Maya's opinions are
19 supported by the record, "[w]here evidence is susceptible to more than one rational
20 interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400
21 F.3d 676, 679 (9th Cir. 2005).

22     Therefore the ALJ did not err in discounting these opinions.
23     • Dr. Kimberly Wheeler, Ph.D. and Dr. Keri Tarantino

Dr. Wheeler examined plaintiff on July 10, 2012, and completed a psychological/psychiatric evaluation form. AR 626-29. She diagnosed plaintiff with depression, anxiety, personality disorder nos- borderline, passive aggressive elements, lymphedema, morbid obesity sleep apnea, scoliosis, pain in joints, financial stress, minimal social support. AR 627.

She opined marked limitations in the following basic work activities: understand, remember, and persist in tasks by following detailed instructions; adapt to changes in a routine work setting; communicate and perform effectively in a work setting; complete a normal workday and work week without interruptions from psychologically based symptoms; maintain appropriate behavior in a work setting; and, set realistic goals and plan independently. AR 628. She opined moderate or none or mild limitations in every other basic work activity. *Id*.

Dr. Tarantino examined plaintiff on November 3, 2012, and completed a medical disability evaluation form. AR 631-35. She diagnosed plaintiff with major depressive disorder, recurrent, moderate. AR 634. She opined that plaintiff is able to perform simple and repetitive tasks as well as more detailed and complex tasks, can accept instruction from supervisors, her ability to interact with coworkers and the public is impaired, remote memory, immediate memory, sustained concentration, and persistence are intact, recent memory is generally intact, can perform work activities on a consistent basis without special or additional instructions, her ability to maintain regular attendance and complete a normal workday or workweek without interruption from mood concerns is moderately impaired, and her physical limitations may have an impact on her work environment. AR 635.

1  The ALJ discounted these opinions because they were one-time examinations,
2  they did not clearly opine plaintiff's functioning during the period of the alleged onset
3  date to the date last insured, and they did not review all of plaintiff's records from the
4  period at issue to form a comprehensive opinion of functioning. AR 1542.
5  Plaintiff challenges the ALJ's assessment of these opinions and contends that
6  they show that her disability continued beyond her date last insured, they provide further
7  support for Dr. Lima's opinion, are consistent with Dr. Johnson's findings, and relate
8  back to the relevant time period. Dkt. 16 at 11.
9  A finding that a medical opinion is too vague to be useful in making a
10 determination can serve as a specific and legitimate reason for discounting that opinion.
11 *See Meanel v. Apfel,* 172 F.3d 1111, 1114 (9th Cir. 1999). Here, the doctors did not
12 clearly indicate that their opinions related to the relevant period. *See Carmickle v.*
13 *Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (medical opinions
14 outside the relevant disability period are of limited relevance). These opinions did not
15 specify the period being discussed by each medical professional, and therefore did not
16 provide evidence relevant to the central issues of whether plaintiff was disabled
17 between November 1, 2004 and June 30, 2012 and whether her disability began before
18 her date last insured of December 31, 2008. And the record shows these assessments
19 and opinions are vague, and conclusory. AR 626-628, 631-635. The ALJ thus did not
20 err in discounting these opinions.
21  - Dr. Kent Layton, Psy.D. and Dr. John Robinson, Ph.D.
22  As to Dr. Layton's opinion, plaintiff argues that the opinions of Dr. Lima, Dr.
23 Wheeler, and Dr. Tarantino, are entitled to more weight because unlike Dr. Layton,

these doctors examined plaintiff. Dkt. 16 at 11. This conclusory argument cannot by itself show error and the Court has determined that the ALJ properly discounted the opinions of Dr. Lima, Dr. Wheeler, and Dr. Tarantino. Plaintiff similarly argues in a conclusory manner that Dr. Robinson's opinion is consistent with Dr. Johnson's and reinforces Dr. Lima's. Dkt. 16 at 11. Conclusory assertions, unsupported by argument, will not be reviewed or analyzed by the Court. *Carmickle v. Comm'r of Soc. Sec. Admin.,* 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

## 2. Plaintiff's statements regarding symptoms and limitations

Plaintiff challenges the ALJ's assessment of her subjective symptom testimony. Dkt. 16 at 11-17

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a Plaintiff's credibility, the ALJ must determine whether Plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of symptoms for specific, clear, and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

Plaintiff testified that at the time of the date of onset she and her husband moved into a trailer which left her feeling unsafe and aggravated her symptoms. AR 1569-70. She lived in the RV from 2004 to 2008. AR 1570. Her husband worked night shift and she didn't feel safe in the trailer so she would drive with him to work and he would come

out to visit on breaks and at lunch. AR 1570-71. They were in the process of building a home and she assisted, talking with individuals who were involved with permitting processes. AR 1571-72. She testified that at this time her stress level was extremely high, she wasn't getting the right kind of rest, and her legs were in severe pain. AR 1576.

She stated that she was applying for jobs but was unsuccessful. *Id*. The formaldehyde smells and propane disagreed with her and living at the trailer irritated her. *Id*. She would try to elevate her legs which would somewhat help with swelling. *Id*. She had allergic reactions to treatments and this created hesitation to try new treatments. AR 1579. She cried a lot and her depression increasingly worsened. AR 1580. She testified that she was laid off from her last job for insubordination, which she contested. AR 1581. She stated that after this lay off, she was on unemployment but it was eventually denied and she had to pay it back. AR 1583.

The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause some of the symptoms, however, her statements considering the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 1534. The ALJ cited evidence and inferred that plaintiff stopped working for non-medical reasons and would have continued working if she had found work. *Id*.

The ALJ also cited her activities such as her occupation as a housewife, exercising three to five times a week, cleaning, using a riding lawn mower, and pulling weeds. AR 1534. The ALJ cited to plaintiff's activities regarding building her home as inconsistent with a disabling mental health condition. *Id*. The ALJ also determined that

there was no evidence of a worsening of plaintiff's physical condition during the period at issue. AR 1535.

As for the ALJ's first reason, the ALJ properly discounted plaintiff's testimony because she applied for jobs and applied for unemployment benefits. *See Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) (receipt of unemployment benefits can cast doubt on a claim of disability, as it shows what an applicant holds herself out as capable of working).

As for the ALJ's second reason, an ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, the ALJ reasonably considered plaintiff's activities to be inconsistent with her testimony. Plaintiff's activities exercising, walking, cleaning the RV, riding a lawn mower, weeding, and undertaking the responsibilities of a housewife, are not necessarily inconsistent with her testimony. The evidence cited by the ALJ regarding exercise states only "[e]xercises 3-5 x/week" under a heading stating, "Social History – reviewed" and does not provide any information as to the type of exercise. AR 326, 337, 365, 384, other notes in the record from the same time period state "doesn't do any regular exercise." AR 367. There is also no information as to how far plaintiff was walking when she was in town or the exertion required. AR 477. Similarly, plaintiff did not explain what keeping the RV clean, riding the lawnmower, or pulling weeds entailed, or how often she engaged in these activities. *See* AR 48. She stated that she needed help with activities such as washing the animals, she could use the riding lawnmower for a while but it would hurt her leg, and she would pull a few weeds when she took the dog out. *Id*. There is not

substantial evidence to support a finding that her activities showed an exertional level that was greater than the level she testified about.

But the ALJ did not err in determining that plaintiff's activities regarding the home building project were inconsistent with her testimony. As plaintiff testified, this entailed hiring the septic workers (AR 52), completing extensive paperwork (AR 48-9, 52), working on financial matters with the bank for over a year (AR 48), working on obtaining permits under conditions where "permits were extremely difficult" (AR 52), and working on the phone and with the building contractor (AR 52). The ALJ's decision is supported by clear and convincing evidence that these activities were inconsistent with significant mental limitations.

Because the ALJ provided sufficient reasons for discounting plaintiff's statements about symptoms and limitations, including applying for unemployment benefits and her activities involving the home building process, any error in the other reasons offered by the ALJ would be harmless. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (error is harmless if "the ALJ's decision remains legally valid, despite such error.").

### 3. Lay witness evidence

Plaintiff challenges the ALJ's assessment of a lay witness statement offered by her husband. Dkt. 16 at 17.

When evaluating opinions from non-acceptable medical sources such as a therapist or a family member, an ALJ may expressly disregard such lay testimony if the ALJ provides "reasons germane to each witness for doing so." *Turner v. Comm'r of*

*Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). And where an ALJ has provided clear and convincing reasons to discount a claimant's testimony, those reasons are germane reasons for rejecting similar lay witness testimony. *See Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 694* (9th Cir. 2009). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001). The ALJ also may "draw inferences logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

On March 26, 2013 plaintiff's husband completed a function report – adult – third party form. AR 290-98. He wrote that plaintiff's daily activities include "make coffee, breakfast, check emails, looks for work on computer for herself and husband, clean house, make meals watch TV with legs up." AR 291. He wrote that she walks but cannot walk on uneven surfaces. AR 293. She shops once a week for about two hours. *Id*. She is unable to focus for a long time, her hobby is watching TV, and she does not engage in social activities. AR 294. He wrote that her conditions impact all functional areas. AR 295. She can walk one hundred yards before she needs to rest for five minutes; she can pay attention for 15 minutes. AR 295.

The ALJ accorded little weight to this statement on the basis that it is inconsistent with the medical record, it was unclear whether plaintiff's husband was discussing contemporaneous functioning or functioning during the period 2004-2008, mental status

exams were largely normal, the record shows minimal and conservative treatment, and the opinion is inconsistent with plaintiff's activities. AR 1547-48.

Here, the ALJ offered germane reasons for discounting plaintiff's husband's statement. In citing the inconsistency between the statement and the results of mental status examinations during the relevant period, the ALJ has provided a germane reason for discounting his opinion. *See Baylis v. Barnhart*, 427 F.3d 1214, 1218 (9th Cir. 2005) ("Inconsistency with the medical evidence" is a germane reason for discrediting lay witness testimony).

The ALJ thus did not err in evaluating the lay witness statements.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is affirmed.

Dated this 4th day of June, 2025.

Theresa L. Fricke
United States Magistrate Judge